UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Sean Plummer # 299191,<br>*a/k/a Andrew S. Plummer*,<br>*a/k/a Andrew Plummer,*<br><br>    Plaintiff,<br><br>vs.<br><br>Ann Hallman; R.L. Turner; within<br>their individual and official capacities,<br><br>    Defendants.<br>_____ | C/A No. 2:13-1791-TLW-BHH<br><br><br><br>**REPORT AND RECOMMENDATION**<br>for Partial Summary Dismissal |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Tyger River Correctional Institution. Plaintiff brings this action against employees of the South Carolina Department of Corrections ("SCDC") alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process as to Defendant R. L. Turner.[1]

Factual and Procedural Background

Plaintiff's complaints stem from his November 19, 2012 disciplinary conviction. (*See* ECF No. 1 at 3–4.) He first complains that Defendant Turner deducted 340 days of good time credits when the offense carried a penalty of only sixty days of credits. Plaintiff adds

---

[1] In a separately-docketed order, the undersigned has authorized service against Defendant Ann Hallman.

that his request to have witnesses appear at his disciplinary hearing was denied. He further claims that, due to Defendant Hallman's delay in processing his appeal, he was required to serve the full 180-day disciplinary detention penalty and he has been denied the opportunity to proceed with his appeal, thus hindering his access to the courts. Plaintiff asks for a declaration that his rights have been violated, for restoration of his good-time credits, and for monetary damages against both Defendants.

## Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are

assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual information to withstand summary dismissal of his access-to-court claim against Defendant Hallman, he fails to state a cognizable § 1983 claim against the defendant discussed below.

Plaintiff's first claim concerns the amount of good-time credits with which he was penalized as a result of his disciplinary conviction. He argues that this action "violated the plaintiff's liberty interest in earning statutory [sic] created good time." (ECF No. 1 at 3.) Plaintiff further alleges a due process violation in that he was denied an opportunity to present witnesses at his disciplinary hearing. With respect to his lost good time credits, Plaintiff asks for monetary damages against both Defendants and for SCDC to restore the credits.

It is true that disciplinary proceedings which implicate a protected liberty interest demand due process.  *See Wolff v. McDonnell*, 418 U.S. 539 (1974).  However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  *Id.* at 487.  The Supreme Court subsequently extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."); *see also Edwards v. Ogunsile*, C/A No. 0:09-3319-TLW-PJG, 2011 WL 779884 at *3 (D.S.C. Jan. 24, 2011) ("The rule in Heck applies to prison disciplinary convictions as well as criminal ones.").

While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 suit.  *Cf. Muhammad v. Close*, 540 U.S. 749, 751 (2004) (stating, "*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

4

Failure to allow Plaintiff to have witness testimony in his defense is the kind of procedural defect that would imply the invalidity of the disciplinary action. *Id.* at 647. Further, Plaintiff was sanctioned with the loss of 340 days of good time credit. However, his disciplinary conviction has not been invalidated in any way. Therefore, Plaintiff's claim that his due process rights were violated in connection with his disciplinary hearing is barred by the decision in *Edwards v. Balisok*. *See also Fox v. Ward*, C/A No. 3:06-3439-TLW-JRM, 2008 WL 550115 (D.S.C. Feb. 25, 2008). Moreover, to the extent that Plaintiff seeks the return of his earned good time credits, such relief is unavailable in § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Accordingly, Plaintiff's claims against Defendant Turner should be summarily dismissed.

## Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice as to Defendant Turner.

IT IS SO RECOMMENDED.


                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

August 15, 2013
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).