IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANDREW SEAN PLUMMER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANN HALLMAN, )<br>in her individual and official capacities, )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:13-cv-01791-TLW |

**ORDER**

Plaintiff Andrew Sean Plummer, proceeding pro se and in forma pauperis, is an inmate incarcerated at Tyger River Correctional Institute. Plaintiff brought this action against two employees of the South Carolina Department of Corrections, alleging violations of 42 U.S.C. § 1983. On November 4, 2013, Plaintiff filed a Motion to Compel a More Definite Statement of Interrogatories. (Doc. #21). On November 14, 2013, Defendants Ann Hallman and R.L. Turner filed a Motion for Summary Judgment. (Doc. #23). On July 25, 2014, this Court entered an Order dismissing the Complaint in its entirety without issuance and without service of process with respect to Defendant R.L. Turner. (Doc. #43).[1]

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Wallace W. Dixon, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendants' Motion for Summary Judgment, denominate this action a strike within the meaning of the Prison Litigation

---

[1] Plaintiff did not object to the dismissal of Defendant Turner.

Reform Act ("PLRA"), and deny any outstanding motions as moot. (Doc. #39). Plaintiff filed objections to the Report on July 17, 2014. (Doc. #42). Defendants' reply to the objections was due by August 4, 2014; Defendants did not file a reply. The matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with the standard announced in Wallace. See id. Plaintiff's objections are hereby **OVERRULED** except as stated below, relating to his action being deemed a "strike." (Doc. #42). The Court hereby **ADOPTS** the portions of the Report that recommend granting Defendant Hallman's Motion for Summary Judgment and denying any outstanding motions as moot. (Doc. #39). Accordingly, Defendant Hallman's Motion for Summary Judgment is **GRANTED** (Doc. #23), and Plaintiff's Motion to Compel is **DENIED** as moot (Doc. #21). Plaintiff objects to why he "should receive a strike." Because the Court previously dismissed Plaintiff's Complaint without prejudice with respect to Defendant Turner (Doc. #43), Plaintiff has an arguable basis for his position regarding the "strike" question. For this reason, the Court

will not deem this action a strike under the PLRA.  See Tolbert v. Stevenson, 635 F.3d 646, 652 (4th Cir. 2011) ("[Section] 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."); McLean v. United States, 566 F.3d 391, 397 (4th Cir. 2009) ("[A] dismissal without prejudice for failure to state a claim does not count as a strike.").

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 22, 2014
Columbia, South Carolina